In the Matter of EVE P. RADTKE, an Attorney, Respondent.

First Department, October 9, 1931.

*Einar Chrystie,* for the petitioner.

*Joseph P. Brennan* and *W. N. Seligsberg,* for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York in March, 1909, at a term of the Appellate Division, Second Department, and has practiced as such attorney since her admission. The petition herein charges her with professional misconduct in two particulars, as follows:

(1) In June, 1929, the respondent was retained by Dennis Horocopas to collect a claim of $140.10 which he had against a Mrs. Ullman. On or about July 1, 1929, the respondent collected the sum of $164.60 from Mrs. Ullman in full settlement of the claim of Horocopas, with interest and costs. The respondent failed to notify her client that the money had been collected, and con-

verted the same to her own use. On several occasions subsequent to the time when the respondent collected the money from Mrs. Ullman she stated to her client's representative that she had not yet collected the money. In December, 1929, Horocopas learned from Mrs. Ullman that she had paid the claim as above set forth. He thereupon notified the respondent that Mrs. Ullman had reported to him that she had paid the claim, and the respondent on or about December 21, 1929, gave Horocopas her check for $140.10 in payment of his share of the money collected by her. Horocopas deposited the check for collection and it was returned by the bank upon which it was drawn unpaid because of insufficient funds to the credit of the respondent. When the respondent was informed of this fact she asked Horocopas to redeposit the check and he did so on or about December 28, 1929, but the check was again returned unpaid because of insufficient funds to the credit of the respondent. Up to the time of the hearing before the committee no part of the money had been paid. Some time subsequently respondent paid Horocopas his share of the collection.

(2) On or about July 24, 1928, one Peter C. Gibbons was convicted of a violation of a traffic ordinance in the Magistrates' Court in the City of New York and fined the sum of five dollars. Thereafter he retained the respondent to appeal from the judgment of conviction and she agreed to do so for a fee of twenty-five dollars, which he paid to her. The respondent then advised Gibbons that she would ascertain the cost of a transcript of the minutes of the trial, which he agreed to pay for, and on the following day respondent notified him that the transcript would cost the sum of eighteen dollars, which he then gave to her upon her representation that she would use the said sum for the sole purpose of paying for said transcript. Thereafter Gibbons from time to time inquired of the respondent as to the progress of the appeal, and was advised by her that the transcript of the minutes had been obtained, that a notice of appeal had been filed and that the appeal was on the calendar of the appellate court. After some delay Gibbons became suspicious and asked the court stenographer if the respondent had procured a transcript of the minutes. The stenographer then informed him that the minutes had not been procured or ordered by the respondent, and upon further investigation it was ascertained that she had failed to take any steps to appeal from the judgment of conviction against Gibbons. On or about August 26, 1929, Gibbons sent the respondent a letter in which he asked for information regarding the appeal, and the respondent failed to reply thereto. The respondent has converted to her own use the money paid to her by Gibbons as above set forth. She has

failed to appeal from the judgment against Gibbons, as agreed, although paid to do so. She has not rendered any services in behalf of Gibbons and has falsely represented to him that an appeal from the judgment of conviction against him was pending on the calendar of the appellate court.

The respondent answered and the matter was referred to an official referee to take testimony in regard to the charges and to report thereon to this court. The learned referee has duly reported, finding the respondent guilty as charged. The petitioner now moves for the confirmation of said report and that this court take appropriate action thereon.

The record sustains the finding of the referee that the respondent is guilty as charged. The respondent pleads that during the period in which she committed the aforesaid acts of misconduct, she was suffering from malignant neurasthenia, evidenced by periods of grave depression and nervous excitability, which condition was accentuated by the death of her mother.

Because of the deliberate conversion of funds belonging to a client, the deliberate misrepresentation to a client and the complete neglect of a client's rights on the part of one of its officers, the respondent should be disbarred.

MERRELL, McAvOY, MARTIN and TOWNLEY, JJ., concur.

Respondent disbarred.